CHARLES J. SCHUCK, JUDGE,
dissenting.
The majority opinion reviews in detail the facts upon which this claim is based; the act under which claimant was employed by the auditor to do the abstracting in question, and a review of the decision by our Supreme Court declaring the act unconstitutional, the said court’s decision having been rendered shortly after the claimant had performed and finished his services.
The attorney general moved to dismiss the claim upon the grounds:
“1. That the facts and allegations of claimant’s petition do not state a valid cause of action on a claim sufficient in law against respondent or the state within the meaning of chapter 20, Acts of the Legislature, 1941, known as the State Court of Claims law;
“2. No liability exists against the state since claimant is not entitled to compensation for services rendered under an unconstitutional statute.”
Without entering upon a discussion of the law applicable to the proposition, whether or not a legal or so-called valid cause of action is presented, I feel that claimant is entitled to at least reasonable compensation for the services rendered. He was retained by the auditor to do the work. He rendered his services in good faith; a fact evidently admitted, at least indirectly, in the majority opinion as shown therein, where the opinion recites: “We are of opinion, however, that under circum *24 stances where services have been rendered in good faith under a statute subsequently declared to be unconstitutional compensation could properly be made.”
He discharged his obligation to the state in full before the rendering of the Supreme Court’s decision, and to deny him compensation for his services is in my opinion unjust and unwarranted, especially so, when technicalities must be resorted to in order to deny his claim. There was, at the very least, a moral obligation on the part of the state to pay, and if the clause “equity and good conscience” in the act creating the Court of Claims mean anything, then, in my opinion, this is a claim which ought to be paid. The fact that the act under which he rendered the services was declared unconstitutional cannot control since many courts hold that liability does exist for services rendered under an act which is afterward declared unconstitutional. In fact I firmly believe that the majority of the courts so hold. If this were not true then we can readily contemplate that many state officers and employees could, at some time or other, he denied pay of salaries, in whole or in part, because they had worked or rendered services under an act later declared unconstitutional. It is obvious that to deny them pay under such circumstances would be a gross injustice and an irreparable wrong.
I repeat, the claimant acted in good faith; he rendered the desired services for which the auditor had retained him; the services may yet be beneficial to the state at some future time; equity and good conscience are beyond question on the claimant’s side, and demand that he be paid.
I would therefore favor an award.